UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLEO ALLEN,<br><br>              Plaintiff,<br><br>    v.<br><br>HOLLAND AMERICA LINE N.V., LLC,<br><br>              Defendant. | CASE NO. C20-0352JLR<br><br>ORDER ON STIPULATED MOTION FOR TRIAL CONTINUANCE |

Before the court is the parties' stipulated motion for an order continuing the trial date and associated case deadlines to May 30, 2022, or the court's first available trial date thereafter. (Stip. Mot. (Dkt. # 24).) In this case, Plaintiff Cleo Allen alleges that she suffered personal injuries when she tripped and fell on a bathroom threshold in her stateroom while she was a passenger on a cruise ship operated by Defendant Holland America Line N.V., LLC ("HAL"). (*See id.* at 1.) The parties base their request on the impact of the COVID-19 pandemic on the cruise line industry. (*See id.* at 2.) The parties

ORDER - 1

represent that due to government responses to the pandemic, HAL's crewmembers, who reside all over the world, have returned to their home countries, and access to the cruise ships is restricted to personnel critical to the operation of the ships. (*See id.*) As a result, the parties' ability to conduct necessary discovery—such as a site inspection of the bathroom where Ms. Allen suffered her injuries, depositions of key shipboard witnesses who reside outside of the United States, and production of documents that are located on board the ship—has been curtailed. (*See id.*)

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Id.* at 608.

In light of the unique impact that the COVID-19 pandemic has had on the cruise ship industry, the court finds that the parties have established good cause to modify their case schedule. At this time, however, there are no available trial dates in the parties'

requested time frame of May, June, or July 2022.  The court, therefore, will permit the parties to move their trial date to the end of the court's trial calendar (currently mid-December 2022).  If the parties decide that they would like to exercise this option, they may file a stipulation so stating within seven (7) days of the filing date of this order.  If the parties file such a stipulation, the court will issue a new trial date at the end of its trial calendar and will re-set any unexpired case deadlines in accord with the new trial date.

Dated this 16th day of April, 2021.

*[signature]*

JAMES L. ROBART
United States District Judge